## Mullens v. Owen et ux.

(Decided April 30, 1929.)

W. FOSTER HAYES and C. W. WELLS for appellant.

BARNES & SMITH for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

In this action by John Mullens and Herbert Mullens against W. D. Owen and Dorthela Owen, his wife, to recover an undivided one-half interest in a certain lot of ground in Daviess county, a demurrer was sustained to the petition, and the petition was dismissed. John Mullens alone appeals.

Briefly stated, the facts alleged in the petition are these: J. N. Silverthorn acquired the fee-simple title to the property on June 1, 1892. On March 18, 1901, J. N. Silverthorn and his wife, Fannie, entered into a contract, the material provisions of which, are as follows:

"Witnesseth: That whereas the said J. M. Silverthorn and Fannie S. Silverthorn are husband and wife, residing Owensboro, Daviess county, Kentucky, and each of them have children by former marriages, and whereas it is the desire of said parties to use the property they now own, or may hereafter acquire jointly, or as they may see fit, and to them seems best, during their lives, and after their death to be equally divided between their children aforesaid; and any child or children that may be born to them. The stipulation, intention, desire and wish of the parties is fully set out in detail as follows, to-wit:

"All of the property, real or personal, money, etc., now owned by them or either of them jointly or separately and individually to be used by them

jointly as one fund or estate as long as both of them may live, and after the death of either one of them the one surviving is to continue to have, use, occupy and enjoy, manage and control all the property that may then be owned by either of them so long as he or she may live, and to have the right to sell or dispose of same or any part thereof, real or personal, during the life of said surviving one; and at the death of said last one of these two contractors all of the property of whatever character or value then owned by them or by said surviving one, shall be equally divided between all of the children of said parties as aforesaid, share and share alike."

Both Mr. and Mrs. Silverthorn had theretofore been married. By her first marriage to John H. Mullens, Mrs. Silverthorn had two children, namely, plaintiff John Mullens and another son, Charles Mullens, who died in the year 1891, survived by an only child, plaintiff Herbert Mullens. No issue was born of the marriage between J. N. Silverthorn and Fannie Silverthorn. Fannie Silverthorn died intestate in the year 1917, leaving surviving her her husband, J. N. Silverthorn, and plaintiffs, who were her son and grandson, and her only heirs at law. After the death of Fannie Silverthorn, J. N. Silverthorn undertook to convey the property in question to J. R. Walker and his wife, who subsequently conveyed it to the defendants. J. N. Silverthorn died intestate a resident of Daviess county on November 30, 1927, leaving surviving him two, and only two children.

Appellant takes the position that by the contract in question J. N. Silverthorn, the survivor of his wife, took only a life estate in the property, that his deed was effective to that extent only, and that upon his death plaintiff and his children became the joint owners of the property. We need not determine whether the contract was sufficient to pass the title to Mrs. Mullens' children. For the purpose of this case we shall assume that it was. The question then recurs, what estate did Mr. and Mrs. Silverthorn, or the survivor, have in the property, and what estate did their children have? It is true that the contract first provides for a life estate in the parties to the agreement. However, it does not stop there. It goes further and adds these words:

"And after the death of either one of them the one surviving is to continue to have, use, occupy and

enjoy, manage and control all the property that may then be owned by either of them so long as he or she may live, and to have the right to sell or dispose of same or any part thereof, real or personal, during the life of said surviving one; and at the death of said last one of these two contractors all of the property of whatever character or value then owned by them or by said surviving one, shall be equally divided between all of the children of said parties as aforesaid, share and share alike.''

The only possible construction that may be given to these words, or to the contract as a whole, is that the survivor was to have a life estate with the absolute power of sale, and only that portion of the property owned by the contracting parties or the survivor at the time of the death of the survivor should pass to their children. The property in question was not owned by Mr. Silverthorn at the time of his death. He as survivor had exercised the power conferred by the contract and conveyed it to the defendant. Having the undoubted right to sell and convey, Mr. Silverthorn did pass the fee-simple title to the property. It follows that the demurrer to the petition was properly sustained.

Judgment affirmed.